1  Kamlesh Banga
   P. O. Box 6025
2  Vallejo, CA 94591
3  kkbanga@gmail.com

4      Plaintiff in Pro Per
       (707) 342-1692
5



AUG 1 7 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

6

7                    **UNITED STATES DISTRICT COURT**
8                    **EASTERN DISTRICT OF CALIFORNIA**
                     **SACRAMENTO DIVISION**
9

10

11  KAMLESH BANGA,                           **CASE NO.:**
12                                           2:09-CV-2268-FCD-GGH
13
14                    Plaintiff,             **COMPLAINT**
              vs.
15

16

17  FIRST USA, NA & CHASE BANK USA, NA
    AND DOES 1 through 10 inclusive.
18

19                    Defendants
                                             **JURY TRIAL DEMANDED**
20

21                          **INTRODUCTION**

22      1.      Plaintiff Kamlesh Banga brings this action to secure redress for a course of conduct

23  that included the accessing of a consumer report on plaintiff without plaintiff's consent or any

24  lawful reason, in violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA")

    and California Consumer Credit Reporting Act ("CCCRA").
25
        2.      The FCRA only permits access to consumer reports for specific purposes
26
    enumerated under the FCRA, 15 U.S.C. §1681b. Defendants did not have any permissible purpose
27
    under the FCRA, 15 U.S.C. §1681b to request plaintiff's consumer credit report.
28

    **COMPLAINT**                              1

## JURISDICTION AND VENUE

3. The Court has jurisdiction of this litigation pursuant to the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1331. Jurisdiction over plaintiff's supplemental State law cause of action exists under 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 15 U.S.C. §§1391(b).

## PARTIES

5   Plaintiff is, now, at all times mentioned in the Complaint, a resident of the State of California.

4. Chase Bank USA, NA (Chase) is a Delaware corporation licensed to do business in the State of California.

5. Defendant First USA, NA ("First USA"). is a credit card company, licensed to do business in the State of California and has corporate headquarters at 3 Christina Centre, 201 N. Walnut Street, Wilmington, DE 19801.

6. The FCRA, 15 U.S.C. §1681b, provides it is permissible to obtain a credit report on a consumer only with written consent of the consumer or for certain "permissible purposes, "such as the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer. The requester must certify to the credit bureau that a permissible purpose exists.

## FACTUAL BACKGROUND

7. Plaintiff is a former credit card holder of First USA. Several years ago, Plaintiff applied and received a credit card from First USA. In November of 2003, plaintiff contacted defendant and requested to close her account. Plaintiff never used the card thereafter. On July 20, 2004, plaintiff received her credit report from Equifax which showed that plaintiff's credit card account with First USA had been closed i.e. 7/1/2004. On August 29, 2007, plaintiff requested and received a credit report from Experian. Upon reviewing the credit report, plaintiff noticed that First USA had accessed her credit report on several occasions from Experian for account review. On August 29, 2008, plaintiff filed a lawsuit against Experian and First USA, et al for its violations of the FCRA and the CCCRA, et seq. On June 30, 2009, plaintiff withdrew her lawsuit against Chase/First USA without prejudice.

2

**COMPLAINT**

8.      When First USA requested and obtained a consumer report on plaintiff on October 3, 2005, it represented to Experian that the request was for "account review" purposes. As of October 3, 2005, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that plaintiff's account was already closed.

9.      When First USA requested and obtained a consumer report on plaintiff on November 20, 2006, it represented to Experian that the request was for "account review" purposes. As of November 20, 2006, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that plaintiff's account was already closed.

10.     When First USA requested and obtained a consumer report on plaintiff on January 6, 2008, it represented to Experian that the request was for "account review" purposes. As of January 6, 2008, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that plaintiff's account was already closed.

11.     On May 29, 2009, plaintiff received Experian's internal/confidential documents Bates labeled Confidential EXP/BANGA 000381– 000412 produced pursuant to the Stipulated Protective Order.

12.     On June 4, 2009, plaintiff received Experian's internal/confidential documents Bates labeled Confidential EXP/BANGA 000413 – 000534 produced pursuant to the Stipulated Protective Order.

13.     Upon reviewing these documents, plaintiff learned that First USA had also obtained plaintiff's credit report for account review on the following dates as follows:

14.     When First USA requested and obtained a consumer report on plaintiff on August 11, 2004, it represented to Experian that the request was for "account review" purposes. As of August 11, 2004, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that plaintiff's account was already closed.

15.     When First USA requested and obtained a consumer report on plaintiff on August 12, 2004, it represented to Experian that the request was for "account review" purposes. As of August 12, 2004, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that plaintiff's account was already closed.

16.     When First USA requested and obtained a consumer report on plaintiff on November 13, 2004, it represented to Experian that the request was for "account review" purposes. As of

3

**COMPLAINT**

1  November 13, 2004, the trade line for First USA maintained by Experian for plaintiff's consumer
2  file showed that plaintiff's account was already closed.

3      17.    When First USA requested and obtained a consumer report on plaintiff on December
4  14, 2004, it represented to Experian that the request was for "account review" purposes. As of
5  December 14, 2004, the trade line for First USA maintained by Experian for plaintiff's consumer
6  file showed that plaintiff's account was already closed.

7      18.    When First USA requested and obtained a consumer report on plaintiff on February
8  2, 2005, it represented to Experian that the request was for "account review" purposes. As of
9  February 2, 2005, the trade line for First USA maintained by Experian for plaintiff's consumer file
   showed that plaintiff's account was already closed.

10     19.    When First USA requested and obtained a consumer report on plaintiff on April 2,
11 2005, it represented to Experian that the request was for "account review" purposes. As of April 2,
12 2005, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that
13 plaintiff's account was already closed.

14     20.    When First USA requested and obtained a consumer report on plaintiff on June 9,
15 2005, it represented to Experian that the request was for "account review" purposes. As of June 9,
16 2005, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that
17 plaintiff's account was already closed.

18     21.    When First USA requested and obtained a consumer report on plaintiff on
   September 28, 2005, it represented to Experian that the request was for "account review" purposes.
19 As of September 28, 2005, the trade line for First USA maintained by Experian for plaintiff's
20 consumer file showed that plaintiff's account was already closed.

21     22.    When First USA requested and obtained a consumer report on plaintiff on
22 September 29, 2005, it represented to Experian that the request was for "account review" purposes.
23 As of September 29, 2005, the trade line for First USA maintained by Experian for plaintiff's
24 consumer file showed that plaintiff's account was already closed.

25     23.    When First USA requested and obtained a consumer report on plaintiff on October 2,
26 2005, it represented to Experian that the request was for "account review" purposes. As of October
27 2, 2005, the trade line for First USA maintained by Experian for plaintiff's consumer file showed
   that plaintiff's account was already closed.

28

4

**COMPLAINT**

24.     When First USA requested and obtained a consumer report on plaintiff on September 29, 2007, it represented to Experian that the request was for "account review" purposes. As of September 29, 2007, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that plaintiff's account was already closed.

25.     When First USA requested and obtained a consumer report on plaintiff on October 14, 2007, it represented to Experian that the request was for "account review" purposes. As of October 14, 2007, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that plaintiff's account was already closed.

26.     When First USA requested and obtained a consumer report on plaintiff on October 26, 2007, it represented to Experian that the request was for "account review" purposes. As of October 26, 2007, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that plaintiff's account was already closed.

27.     When First USA requested and obtained a consumer report on plaintiff on December 1, 2007, it represented to Experian that the request was for "account review" purposes. As of December 1, 2007, the trade line for First USA maintained by Experian for plaintiff's consumer file showed that plaintiff's account was already closed.

## FIRST CAUSE OF ACTION
## First USA's Willful Wrongful Procurement of Credit Report

28.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

29.     When First USA requested and obtained a consumer report on plaintiff on 08/11/04, 08/12/04, 11/13/04, 12/14/04, 02/02/05, 04/02/05, 06/09/05, 09/28/05, 09/29/05, 10/02/05, 10/03/05, 11/20/06, 09/29/007, 10/26/07, 12/01/07, and 01/06/08, it represented to Experian that the request was for "account review" purposes notwithstanding the fact that the trade line for First USA maintained by Experian for plaintiff's consumer file showed that plaintiff account was already closed.

30      As of 08/11/04, 08/12/04, 11/13/04, 12/14/04, 02/02/05, 04/02/05, 06/09/05, 09/28/05, 09/29/05, 10/02/05, 10/03/05, 11/20/06, 09/29/007, 10/26/07, 12/01/07, and 01/06/08, the First USA knew or should have known that plaintiff had no account with it. However, First USA intentionally misrepresented the purpose of its request on plaintiff was for account review.

5

**COMPLAINT**

31.     First USA's willful and wrongful procurement of plaintiff's consumer report under false pretenses from Experian on or about 08/11/04, 08/12/04, 11/13/04, 12/14/04, 02/02/05, 04/02/05, 06/09/05, 09/28/05, 09/29/05, 10/02/05, 10/03/05, 11/20/06, 09/29/007, 10/26/07, 12/01/07, and 01/06/08, constituted a violation of the Fair Credit Reporting Act,15 U.S.C. §1681n.

32.     First USA's negligent and wrongful procurement of plaintiff's consumer report under false pretenses from Experian on or about 08/11/04, 08/12/04, 11/13/04, 12/14/04, 02/02/05, 04/02/05, 06/09/05, 09/28/05, 09/29/05, 10/02/05, 10/03/05, 11/20/06, 09/29/007, 10/26/07, 12/01/07, and 01/06/08, constituted a violation of the Fair Credit Reporting Act,15 U.S.C. §1681o.

33.     First USA's willful/ negligent and wrongful use of misrepresentations to obtain information from Experian about Ms. Banga further constituted a violation of the Cal. Civil Code §1785.20. 1.

34.     As a result of First USA's willful/negligent misrepresentations, plaintiff suffered mental anguish over the wrongful dissemination and use of her credit reports.

35.     Plaintiff seeks damages against First USA for actual damages, punitive damages, the costs of bringing this action; and the reasonable attorney's fees for bringing this action, if she retains an attorney during the pendency of this action.

## SECOND CAUSE OF ACTION

36      Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

37.     Plaintiff never gave defendants permission or consent to obtain a consumer report about her from Experian. As a result of defendants' willful, wanton, reckless, and/or negligent action, plaintiff has been damaged.

38.     Defendants impermissibly obtained plaintiff's credit report or credit report information under false pretenses and thus it violated the FCRA and CCCRA.

39.     As a result, plaintiff has been damaged in that her credit report information had been obtained without her consent for which she seeks damages in an amount to be determined or $1,000,whichever is greater, 15 U.S.C. §1681n(a) and §1681o. In addition plaintiff seeks punitive damages, 15 U.S.C. §1681n(a)(2).

/ / /

/ / /

**COMPLAINT**

6

## VIOLATIONS ALLEGED

40.     The FCRA, 15 U.S.C. §1681n, provides:

**§1681n.  Civil Liability for willful noncompliance**

> **(a) In general. Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—**
>
> **(1)**
>
>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or**
>>
>> **(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

41.     The FCRA, 15 U.S.C. §1681p, provides:

**§ 1681p. Jurisdiction of courts; limitation of actions**

> **An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.**

42.     Plaintiff never gave defendants permission or consent to obtain a consumer report about her from Experian. As a result of defendants' willful, wanton, reckless, and/or negligent action, plaintiff has been damaged.

7

**COMPLAINT**

1

# **VERIFICATION**

2

3        I, Kamlesh Banga, declare under penalty of perjury under the laws of the State of California

4    that I am a plaintiff in the above-entitled action.  I have read the Complaint and I declare under

5    penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6        Executed on August 14, 2009 in the County of Solano.

7

8

9                                                      By:    ~~Kamlesh Banga~~

                                                               KAMLESH BANGA
10                                                            Plaintiff in Pro Per

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    9
       **COMPLAINT**

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.    Actual and/or Statutory damages;

2.    Punitive damages;

3.    Attorney's fees, and

4.    Costs and expenses incurred in the action.

Respectfully Submitted;

Dated: August 14, 2009                    By:    _Keulesh Banga_
                                                  KAMLESH BANGA
                                                  Plaintiff in Pro Per

8

**COMPLAINT**