1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9    KAMLESH BANGA,

10            Plaintiff,                    No. CIV S-09-2268 FCD GGH PS

11      vs.

12   FIRST USA, NA & CHASE BANK USA, NA,[1]

13            Defendants.                   ORDER

14   _____/

15           Defendant Chase Bank's motion to transfer venue, filed January 5, 2010, was

16   heard on this court's February 25, 2010 law and motion calendar.  Plaintiff's opposition refers

17   only to her January 21, 2010, motion to file a second amended complaint, which she had noticed

18   for hearing on March 4, 2010.  Because plaintiff's motion to amend is relevant to defendant's

19   motion to transfer venue, it was heard on February 25th.  Plaintiff appeared in pro se.  Defendant

20   was represented by Wendy Krog.  After reviewing the motions and hearing oral argument, the

21   court now issues the following order.[2]

22   \\\\\

23   _____

24       [1]  Chase Bank was also sued erroneously as First USA, NA.  Chase has taken over
     responsibility for claims against First USA, NA, which is a non-existent entity.

25
26       [2]  This case has been referred to the undersigned pursuant to E.D. Cal. L.R. 72-
     302(c)(21).

                                            1

BACKGROUND

On August 17, 2009, plaintiff filed the instant complaint in this court. Defendant's motion to change venue was brought pursuant to 28 U.S.C. § 1404(a), based on a currently pending similar action in the Northern District of California in which defendant was previously a defendant.

Based on a review of the moving papers and records on file, it appears that plaintiff's initial action in the Northern District involves allegations of wrongful access of plaintiff's credit report for account review purposes. Defendant Chase asserts that it had a permissible purpose to access this report as plaintiff had active or closed accounts with balances still due. Defendants in that action are Kohls and Experian Information Solutions, and until June 30, 2009, Chase (erroneously named as First USA NA) was also a defendant. At that time, plaintiff voluntarily dismissed it from the action, according to Chase, after lengthy proceedings including an unsuccessful mediation and much discovery. Plaintiff later tried to amend her dismissal of Chase to reinstate her claims against First USA, NA which is a non-existent entity. The court denied her motion to amend on July 16, 2009, explaining that First USA is not a party to the action and has been superseded by Chase taking responsibility for those claims.

On August 17, 2009, plaintiff filed the instant action in the Eastern District against Chase and non-existent defendant First USA, NA. The claims in the first amended complaint are exactly the same as the claims in the Northern District, but plaintiff has added several additional dates of alleged account reviews by Chase, in addition to the four dates she originally identified in her Northern District complaint.

Plaintiff's proposed second amended complaint, filed in response to defendant's motion to transfer venue, eliminates three dates of alleged instances of unlawful access of plaintiff's credit report that were the subject of the Northern District lawsuit, and has added other dates instead. The claims themselves are exactly the same. Plaintiff's amended complaint in the Northern District case alleged wrongful such conduct by Chase (incorrectly named as First USA)

on October 3, 2005, November 20, 2006, and January 6, 2008.  (Krog Decl., Ex. A, ¶¶ 44-46.)
The first amended complaint in this case includes alleged violations on the same dates.  (Dkt. #4
at ¶¶ 11, 12, 13.)  The proposed second amended complaint has eliminated those dates.  (Dkt.
#16 at ¶¶ 20-24.)

DISCUSSION

I.  Motion to Transfer Venue

        Defendant contends that the convenience of the parties and witnesses, the
possibility of inconsistent decisions, ease of access to sources of proof, judicial economy, and the
interests of justice, including plaintiff's blatant forum shopping, compel the transfer of this action
to the Northern District.

        The controlling statute, 28 U.S.C. § 1404(a) provides: "For the convenience of
parties and witnesses, and in the interest of justice, a district court may transfer any civil action to
any other district or division where it might have been brought."  Under this provision, the
district court has discretion to adjudicate motions to transfer according to case-by-case
consideration of convenience and fairness.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498
(9th Cir. 2000).

        The court weighs multiple factors in determining whether transfer is appropriate,
and may consider the following: (1) the state that is most familiar with the governing law; (2)
plaintiff's choice of forum; (3) the respective parties' contacts with the forum; (4) the contacts
relating to the plaintiff's cause of action in the chosen forum; (5) the differences in the costs of
litigation in the two forums; (6) the availability of compulsory process to compel attendance of
unwilling non-party witnesses, and (7) the ease of access to sources of proof.  Jones, 211 F.3d at
498-99.

        At the hearing, Chase represented to the court that Judge Armstrong in the
Northern District had heard defendants' motions for summary judgment the day before, and had
\\\\\

3

1   granted them.[3]  Therefore, the Northern District case is effectively terminated.  Nevertheless, the

2   judges on that case are exceedingly familiar with the claims and defenses, having already

3   resolved numerous discovery disputes, and having decided the case on summary judgment.

4   Therefore, the undersigned determines to transfer this action to the Northern District based on the

5   aforementioned facts.

6        Importantly, plaintiff has engaged in blatant forum shopping, by voluntarily

7   dismissing Chase from the Northern District action, then attempting to reinstate First USA, NA

8   as a defendant, and then filing the instant action soon after the court in that district denied her

9   request.  The interests of justice therefore require that plaintiff not be rewarded for such efforts to

10  avoid unfavorable rulings.  See In re Eclair Bakery Ltd., 255 B.R. 121, 142 (Bankr. S.D.N.Y.

11  2000).

12       Although plaintiff's choice of forum should not be easily disturbed, plaintiff chose

13  the Northern District as her original forum, and only chose the Eastern District after her

14  prosecution of Chase failed there.  As in Kern Oil and Refining Co. v. Tenneco Oil Co., 792 F.2d

15  1380, 1389 (9th Cir. 1986), plaintiff cannot voluntarily dismiss a defendant without prejudice in

16  order to bring the action in another forum in order to avoid having the claim heard by the same

17  judge who originally made a decision adverse to plaintiff.  As defendant has pointed out, plaintiff

18  may not gain the benefit of forum shopping where she has an equally convenient forum available

19  to her.  General Tire & Rubber co. v. Watkins, 373 F.2d 361, 369 (4th Cir. 1967).

20  "Circumstances in which a plaintiff's chosen forum will be accorded little deference include

21  cases of ... forum shopping."  Royal Queentex Enterprises v. Sara-Lee Corp., 2000 WL 246599,

22  *3 (N.D.Cal.2000).

23       Although not carrying as much weight as the policy against forum shopping, other

24  factors militate toward transfer.  The claims in the Northern District action are exactly the same

25

26       [3]  A written order has not yet issued by that court.

4

as the claims in this action.  The defendants remaining in the original case defended against the same exact claims as plaintiff has brought against Chase in this court.  Plaintiff sued Experian for illegally selling plaintiff's credit reports to Kohls and Chase, and sued Kohls and Chase for illegally obtaining plaintiff's credit reports from Experian.  Discovery was mostly completed in the Northern District, and Chase was a participant in that discovery before plaintiff voluntarily dismissed it.  Judicial efficiency is thus served in this manner, along with the Northern District's consideration of and ruling on the summary judgment motions which concluded the case the day before the hearing on this matter.  As a result, duplicative litigation is avoided as is time and expense of the parties, witnesses and the court, and threat of inconsistent verdicts.  See Reiffin v. Microsoft Corp., 104 F. Supp.2d 48 (D.D.C. 2000) (finding interest of justice includes avoiding multiple litigation from a single transaction).

After considering the convenience of witnesses, the location of evidence, and judicial economy, but most of all improper forum shopping, the court in its discretion grants the motion to transfer venue.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986).  This decision is a reluctant one, as the undersigned is very aware that the Northern District is as burdened as this court is; however, this type of forum shopping will not be tolerated.

II.  Chase's Request for Attorney's Fees and Costs

Chase has requested fees and costs in the amount of $21,779.28, under Fed. R. Civ. P. 41(d) which permits an award of costs where plaintiff has dismissed an action and then commences an action including the same claims against the same defendant in another court.

Because the undersigned has determined to transfer the matter to the Northern District, this request for fees and costs will not be considered.

\\\\\

\\\\\

\\\\\

CONCLUSION

Good cause appearing, IT IS ORDERED that:

1.  Defendant's motion to transfer venue, filed January 4, 2010, (dkt. #10),  is granted.

2.  Defendant's Request for fees and costs is denied without prejudice.

3.  Plaintiff' motion for leave to file a second amend complaint, filed January 21, 2010 (dkt. #14), is denied as moot.

4.  The Clerk of the Court is directed to transfer this action to the Northern District of California.

DATED: 03/02/2010

/s/ Gregory G. Hollows

_____

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Banga2268.ven.wpd